IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **MICHAEL HATHAWAY**, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**VALLEY PIZZA, INC.,** and **CHARLES ANTHONY OSANI,**<br><br>Defendants. | **Case No. 1:20-cv-00089**<br><br>**Jury Demanded** |

## AMENDED JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

Plaintiff Michael Hathaway, individually and on behalf of similarly situated persons ("Plaintiff"), and Defendants Valley Pizza, Inc. and Charles Anthony Osani ("Defendants"), by and through their undersigned counsel, hereby request preliminary approval of the Parties' Settlement and Release Agreement ("Settlement Agreement"), Notice of Class and Collective Action Settlement and Final Fairness Hearing ("Class Notice"), and Consent to Join Form ("Claim Form"). The Parties previously filed the Settlement Agreement as an Exhibit to the Parties' Joint Motion for Preliminary Approval of Collective Action Settlement Agreement [Dkt. No. 25], Plaintiff has since filed an Amended Complaint [Dkt. No. 28], and the Parties have filed revised versions of the proposed Class Notice and Claim Form,[1] as well as an Addendum to the Parties' Settlement Agreement as Exhibits hereto.[2] Specifically, Plaintiff moves the Court for an Order (1)

---

[1] Collectively and as represented by Counsel during the telephonic hearing held with the Court on February 4, 2021, these amendments further harmonize the proposed settlement terms with those recently and finally approved by this Court in *Doyle v. Be Hurd, Inc. et al*, Case 3:20-cv-138 (E.D. Tenn.) [ECF No. 25, dated January 11, 2021].

[2] While the parties filed a copy of the proposed Settlement Agreement and Class Notice with the monetary terms redacted, the parties provided an unredacted version of the settlement agreement to the Court *in camera*. Other courts in Tennessee have approved this manner of submission. *See,*

conditionally certifying a Fair Labor Standards Act ("FLSA") collective action for settlement purposes, (2) certifying the proposed class pursuant to Federal Rule of Civil Procedure 23 for settlement purposes, (3) preliminarily approving the Parties' class action settlement, (4) approving the proposed Class Notice and Claim Form to be sent to putative class members, and (5) scheduling a hearing for final approval of the Parties' class action settlement agreement to occur at least 100 days following the Court's order granting preliminary approval of the class settlement.

This District recently certified and approved a settlement of similar claims covering a hybrid FLSA and Rule 23 class of delivery drivers in *Doyle v. Be Hurd, Inc. et al*, Case 3:20-cv-138 (E.D. Tenn.) [ECF No. 25]. *See also Ball v. New River Valley Pizza, LLC, et al*, Case 7:19-cv-362 (W.D. Va.) [ECF No. 15] (similar claims and settlement structure finally approved on behalf of Virginia-based Domino's delivery drivers); *Smith v. Southeastern Pizza People, Inc. et al*, Case 7:19-cv-105 (E.D. N.C.) (same on behalf of Carolina-based Domino's delivery drivers). The Parties have reached a settlement on behalf of all class members through this matter. The declaration of Plaintiff's counsel, Jay Forester of Forester Haynie PLLC ("Class Counsel"), in support of this Motion is attached as an Exhibit hereto. The settlement meets the standards granting preliminary approval of a class action settlement and the Parties' Motion should be granted.

---

*e.g., Lopez v. Best Loading*, No. 2:14-cv-02053 (W.D. Tenn. Jun. 2, 2015) (J. Lipman) [ECF Nos. 57, 61]; *Kidd v. Mathis Tire et al.*, No. 2:14-cv-2298 (W.D. Tenn. Aug. 28, 2015) (J. McCalla) [ECF Nos. 89,95]; *Simmons et al. v. Mathis Tire et al.*, No. 2:13-cv-2875 (W.D. Tenn. Aug. 20, 2015) (J. Anderson) [ECF Nos. 75, 78] (approving FLSA settlements when unredacted versions of the settlement agreements were submitted *in camera)*. Additionally, this court has previously permitted filing the entire agreement under seal. *See, e.g., Darnell v. Wal-Mart Stores, Inc. et al.*, No. 4-15-cv-74 [ECF Nos. 38, 40]; *Nastasi v. The Dollywood Co.*, No. 3:15-cv-327 [ECF Nos. 5, 7]; *Dearing v. Hospital Audit Locus, Inc. d/b/a National Audit*, No. 3:12-cv-170 'ECF Nos. 33, 35]; *Bostick v. Triangle Building Products, Inc, et al.*, No. 3:14-cv-29 [ECF Nos. 18, 20]; *Phillips, et al. v. Clinch River Home Health, Inc.*, No. 3:14-cv-187 [ECF Nos. 6, 8]; *McBride, et al. v. Roger Cunningham d/b/a The Bed Store, et al.*, No. 3:15-cv-10 [ECF Nos. 60, 62]; *Bacon, et al. v. Subway Sandwiches & Salads, LLC, et al.*, No. 3:14-cv-192 [ECF Nos. 56, 58].

## MEMORANDUM IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

### I. INTRODUCTION

On April 10, 2020, Plaintiff filed an action in this Court, on behalf of himself and similarly situated individuals, asserting claims under the FLSA. In his Complaint, Plaintiff has alleged that Defendants failed to properly reimburse delivery drivers for expenses, violating their minimum wage obligations under federal and state law.

The Parties initially filed a Joint Motion for Preliminary Approval of Collective Action Settlement Agreement [Dkt. No. 25], after which the Court issued an Order on January 28, 2021. [Dkt. No. 26]. In response to the Court's concerns regarding the settlement procedures, Plaintiff has filed an Amended Complaint for the purpose of settlement approval, to which Defendants do not oppose, including a class claim alleging common law claims for unjust enrichment that serve as a basis for the Rule 23 class settlement discussed and agreed upon by the Parties and more fully outlined in Parties' current Amended Motion for Preliminary Approval, which is consistent with the agreed upon and fully negotiated terms of Parties' Settlement Agreement.

Subject to Court approval, the Parties have agreed to settle these claims on a collective action basis pursuant to Section 216 of the FLSA and class action basis pursuant to Federal Rule of Civil Procedure 23, for the Maximum Settlement Amount listed in the Settlement Agreement, inclusive of attorney's fees, litigation costs, claims administration expenses, and Plaintiff's service award. As discussed more fully below, the settlement is the result of extensive negotiations between the Parties, including a full-day and structured mediation before a mediator experienced in both wage and hour and class and collective action litigation.

### II. BACKGROUND

Plaintiff worked as a pizza delivery driver for Defendants and consented to bring the instant action on behalf of himself and all others similarly situated. Plaintiff's Complaint alleges

minimum wage violations resulting from under-reimbursed vehicle costs incurred on the job in violation of the FLSA, and as well as alleged claims pursuant to common law unjust enrichment. Plaintiff asserted those claims on behalf of himself and similarly situated delivery drivers currently and formerly employed by Defendants. Plaintiff alleged that Defendants under-reimbursed their delivery drivers' vehicle costs incurred on the job, thereby reducing the workers' net wages below the federal minimum wage rates. Further, Plaintiff alleged that Defendants applied the same reimbursement formula and rate to all of their delivery drivers during the recovery period.

Following Plaintiff's filing of this action, the Parties thoroughly investigated their claims and defenses and engaged in mediation with experienced wage and hour class and collective action mediator Allen Blair, Esquire. The Parties conducted an investigation of facts during the prosecution of the litigation, which included the formal and informal exchange of information. Counsel for the Parties also analyzed the likelihood of successfully trying the case on a class-wide basis. The Parties further reviewed records and interviewed witnesses. Numerous tele-conferences were held and emails exchanged between representatives of the Parties in order to attempt to resolve the claims.

Defendants denied and continue to deny any liability or wrongdoing of any kind associated with the claims alleged by Plaintiff, and further deny that, for any purpose other than settling this matter, this action is appropriate for class or collective action treatment. Plaintiff, on the other hand, asserts that Defendants failed to comply with federal minimum wage requirements embodied in the FLSA and applicable state wage and hour laws. Class Counsel understands Defendants' position and defenses, but believes Plaintiff, individually and on behalf of the Class, could

ultimately succeed at trial on the basis of common proof. Both Parties recognize the uncertainty of the outcome, and appreciate the expense and time associated with further litigation.

Accordingly, in the interest of resolution, representatives of the Parties participated in lengthy settlement negotiations and mediation and ultimately reached a Settlement after taking into account the disputed factual and legal issues, the risks attendant to further prosecution, Defendants' defenses, and the benefits to be received by Class Members. Counsel concluded that settlement on the terms set forth herein is in the best interest of Plaintiff and the Class and is fair and reasonable.

### III. KEY SETTLEMENT TERMS

The Settlement Agreement covers various settlement classes of Defendants' pizza delivery drivers. The Tennessee and Alabama Classes include all delivery drivers who worked for Defendants during the Release Period, which is defined as follows:

- For Tennessee delivery drivers, the period from August 27, 2017 through the date the Court grants preliminary approval of the settlement; and

- For Alabama delivery drivers, the period from October 23, 2017 through August 30, 2020.[3]

The Settlement provides for a Maximum Settlement Amount, including all payments to settlement class members, attorneys' fees, litigation expenses (including expenses to a third-party settlement administrator), and service awards. The Parties agreed to settle class members' wage and hour claims by Defendants establishing a settlement fund inclusive of payments to the putative class, attorneys' fees, litigation costs, administration costs and a modest service award. All class members who do not opt-out will receive a guaranteed minimum payment. The remaining

---

[3] Defendants sold the Alabama stores on August 31, 2020, and, therefore, the Release Period for Alabama drivers is through the last date drivers were employed by Defendants in Alabama.

settlement funds will be distributed to class members who submit claims based on an equitable formula through which class members may claim their individual and *pro rata* share of separately negotiated Tennessee and Alabama FLSA Claim Funds.

The release binding Authorized Claimants includes a release of their federal FLSA claims and their Tennessee and Alabama unjust enrichment claims. All remaining Settlement Class Members who do not opt out will release only their Tennessee and Alabama unjust enrichment claims. *See* Addendum to Settlement Agreement ¶ 48. Based on service to the class in initiating this case and working with counsel to investigate and prosecute this litigation, Plaintiff seeks a modest service award, consistent with the amounts previously and recently approved by this Court in *Doyle v. Be Hurd, Inc. et al*, Case 3:20-cv-138 (E.D. Tenn.).

Subject to this Court's approval, Plaintiff's Counsel will receive fees and litigation costs not to exceed one-third (1/3) of the gross settlement amount. *See id*. (approving attorneys' fees awards of 33% and 40%). Defendants do not oppose or object to this request for attorneys' fees and costs.

The Parties have jointly selected a settlement administrator. The Class Notice and Claim Form will be mailed to all putative class members within fifteen (15) calendar days after receipt of the class data list from Defendants, to the extent practicable, after the Court's preliminary approval of this settlement. The Parties' proposed Class Notice should be approved as it explains in clear terms (1) the nature of the settlement, (2) the factors used to determine the amount each class member has been allocated under the settlement, and (3) each delivery driver's right to submit a claim form, object to the settlement, or exclude themselves from the settlement.

The Settlement Administrator will send a notice of preliminary approval and settlement to each class member and each of them will have 60 days after mailing of the notice to submit a claim

form, choose to opt-out, or file objections. Class members will also have the opportunity to appear at the final approval hearing to be set by the Court.

The settlement payments will be allocated as 100% expense reimbursement. Settlement checks that cannot be delivered or are not cashed after 180 days of mailing will be allocated to a designated reserve fund that will be established for Class Members' benefit and maintained through the expiration of the three-year statute of limitations under the Fair Labor Standards Act.

## IV. ARGUMENT

### A. The Court Should Preliminarily Approve the Settlement.

Federal Rule of Civil Procedure 23(e) provides a class action can be settled only with court approval. In the Sixth Circuit, there is a three-step process for approving class action settlements: (1) the court preliminarily approves the proposed settlement; (2) the class members receive notice of the proposed settlement; and (3) after a hearing, the court finally approves the settlement. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001). Preliminary approval of a class action settlement is thus a provisional step. At the preliminary approval stage, the Court's review is not exacting. The Court's role is simply to evaluate whether the proposed settlement appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval. *In re Skechers Toning Shoe Prods. Liab. Litig.*, 2012 WL 3312668, at *8 (W.D. Ky. Aug. 13, 2012); *Hyland v. HomeServices of Am., Inc.*, No. 05-cv-612, 2012 WL 122608, at *2 (W.D. Ky. Jan. 17, 2012) (citing *Tenn. Assoc. of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001)). The standards for preliminary approval are less stringent than at the final approval stage. *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.*, No. 3:13-CV-00489, 2015 WL 1976398, at *1 (W.D. Ky. May

4, 2015); Ann. Manual Complex Lit. § 21.662 (4th ed.). Moreover, in evaluating a proposed settlement, "[the Court's] role at this stage of the proceeding is not to evaluate the merits of the litigation, since this would contravene the parties' decision to 'waive their right to litigate the issues involved in the case and thus save themselves the time, and the inevitable risk of litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971). The question for the Court to resolve is "simply whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice and processing opts-outs and objections." *Hillson v. Kelly Servs.*, Case No. 2:15-cv-10803, 2017 WL 279814, at *6 (E.D. Mich. Jan. 23, 2017). Accordingly, at the preliminary approval stage, "the bar to meet the 'fair, reasonable, and adequate' standard is lowered[.]" *In re Regions Morgan Keegan Secs.*, No. 08-cv-2260, 2015 WL 11145134, at *3 (W.D. Tenn. Nov. 30, 2015); *Johnson v. W2007 Grace Acquisition I, Inc.*, No. 13-2777, 2015 WL 12001268, at *4 (W.D. Tenn. Apr. 30, 2015). Applying these standards, preliminary approval of the Settlement Agreement is warranted.

### 1. The Proposed Settlement Was Fairly and Honestly Negotiated

The primary procedural factor that courts consider in determining whether to preliminarily approve a proposed class action settlement is whether the agreement arose out of arms-length, non-collusive negotiations. *Hillson*, 2017 WL 279814, at *6 (citing *Newberg on Class Actions*, § 13:14 (5th ed.)). Here, the Parties are represented by counsel that is highly experienced in the specific type of wage and hour claims alleged in the action. *See* Declaration of J. Forester attached as **Exhibit 1**. The Parties investigated the merits of the claims and Defendants' defenses and engaged in mediation with an experienced wage and hour class and collective action mediator. *Hainey v. Parrot,* 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties."); *Crawford v. Lexington-Fayette Urban Cnty. Gov't*,

Civil Action No. 06-299-JBC, 2008 WL 2885230, at *6 (E.D. Ky. Oct. 23, 2008) (finding no risk of fraud or collusion relative to final approval, where settlement was "the product of arm's length, good-faith settlement negotiations" reached after mediation through mediator).

### 2. Serious Questions of Law And Fact Exist, Placing the Ultimate Outcome of This Action in Doubt

Plaintiff believes that the claims are strong but recognizes that success is not guaranteed. With respect to the merits of Plaintiff's claims, Plaintiff believes that he will prevail in demonstrating that Class Members were not properly reimbursed for miles they incurred in their own vehicles on Defendants' behalf. Defendants, however, contend that they fully complied with applicable minimum wage requirements and believe numerous factors could preclude class-wide treatment. Defendants deny all liability and believe that their defenses are strong and that the Class Members were properly reimbursed for the expenses. Nonetheless, both Parties recognize that they may not ultimately prevail, and that the proposed settlement alleviates the uncertainty for both sides.

Even aside from the risks associated with determining liability, significant risks exist as to the amount of possible damages. First, the Parties dispute whether the three-year limitations period under the FLSA applies, or whether the two-year period for non-willful violations would be applicable in this matter. Second, the Parties dispute whether this case could be tried on a class or collective action basis. Finally, the parties dispute the applicability of potential penalties. Because there are several important questions of law and fact regarding liability and damages that remain unresolved, the second factor weighs in favor of approval of the Settlement. *See Brent v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 WL 3862363, at *16 (N.D. Ohio Sept. 1, 2011)(citing to 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11.50 (4th ed.2002) that "[i]n most situations, unless the settlement is clearly inadequate,

its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.").

### 3. The Value of Immediate Recovery Outweighs the Possibility of Any Future Relief

The issues here are complex and will be vigorously contested, resulting in significant time and expense if the litigation continues. The Parties would each need to hire experts to review the voluminous records of reimbursements and expenses incurred by class members driving numerous different models of cars. These experts will then need to opine as to what the "reasonable" reimbursement rate is for class members. Barring a settlement, the Parties would need to prepare for and conduct a trial with numerous witnesses, experts and records. Thereafter, any final judgment could be appealed, thereby extending the duration of the litigation. Given these risks, further litigation could result in no recovery for Class Members or a significant judgment against Defendants, which could bankrupt them, leaving nothing for the Class Members to recover. For these reasons, the value of an immediate and certain settlement far outweighs the uncertainty of any future relief, and the Settlement Agreement should be preliminarily approved. *Id*.

### 4. Counsel Believe the Settlement Is Fair and Reasonable

Counsel for both sides fully support the Settlement Agreement, and counsels' judgment as to the fairness of the agreement is "entitled to significant weight." *UAW v. GM*, 2006 WL 891151, at *18, 2006 U.S. Dist. LEXIS 14890, at *57 (citing *Mich. Hosp. Ass'n v. Babcock*, No. 5:89–CV00070, 1991 U.S. Dist. LEXIS 2058, at *6 (W.D.Mich. Feb. 11, 1991); *see also*, *id* at *18 (same). When evaluated in light of the factors identified by this Circuit, the proposed settlement is fair, reasonable, and adequate and should be approved.

### B. The Settlement Class Meets the Requirements of Rule 23(a) For Settlement Purposes.[4]

#### 1. Numerosity

The numerosity requirement of Rule 23(a)(1) is established if the class is so numerous that joinder of all members is impracticable. In the instant case, the Settlement Class consists of hundreds of delivery drivers, which satisfies the numerosity requirement of Rule 23(a)(1). *See, e.g. Young v. Nationwide Mut. Ins. Co.,* 693 F.3d 532, 542 (6th Cir. 2012) (a class as few as 69 putative members satisfies numerosity requirement); *see also Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (as few as 35 people satisfied standard).

#### 2. Commonality & Typicality

Commonality and typicality "tend to merge." *See Young,* 693 F.3d at 542. A finding of commonality requires only a single question of law or fact common to the entire class. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996). Rule 23 does not require that all, or even most issues be common, nor that common issues predominate, but only that common issues exist. *In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 287 (S.D. Ohio 1997) ("That common issues predominate over individual issues does not require that the class members' claims be proven by identical evidence"). Here, Plaintiff contends the primary questions of law and fact central to the claims against Defendants include:

    a.    Whether Defendants' reimbursement method provided sufficient vehicle reimbursements to its delivery drivers;

---

[4] For purposes of settlement only, Defendants have agreed not to contest the statements made in this motion regarding class and collective action certification. However, Defendants do not waive, and expressly reserve, any defenses or denials that class certification is proper in this case should the Court not approve the settlement or the settlement not be perfected.

b. Whether the Class Members' vehicle-related expenses resulted in payment below minimum wage;

c. Whether Defendants willfully violated applicable wage and hour laws; and

d. Whether Plaintiff and the Class Members have sustained damages and, if so, the proper measure of damages.

Thus, for settlement purposes, the proposed Class Members share sufficient commonality to satisfy Federal Rule of Civil Procedure 23(a)(2).

To satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a)(3), Plaintiff must show that his claims "are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The typicality requirement ensures that the absent class members are adequately represented by the lead plaintiff such that the interests of the class will be fairly and adequately protected in their absence. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157 n.13 (1982).

Plaintiff alleges that Class Members were not paid for all reimbursement expenses in a manner compliant with federal and state law. As a result, Plaintiff claims that he and the other putative Class Members are owed additional compensation. Plaintiff contends that the legal standards and requirements for proving the subject wage and hour claims are the same for Plaintiff's individual claims and those of all of the putative Class Members. Thus, for settlement purposes, Plaintiff's claims are sufficiently typical of the putative class to satisfy Federal Rule of Civil Procedure 23(a)(3).

4. **Adequacy**

The last requirement of Rule 23(a) is that the representative party will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a)(4). The Sixth Circuit looks to two criteria to determine the adequacy of representation: "the representative must have common interests with

unnamed members of the class; and it must appear that the representatives will vigorously prosecute the interest of the class through qualified counsel." *Young*, 693 F.3d at 543. Plaintiff asserts that neither he nor his counsel have any interests antagonistic to those of the putative Class Members. Plaintiff has communicated regularly with Class Counsel, and Plaintiff, through counsel, has prosecuted this action vigorously on behalf of himself and the putative class. Plaintiff contends his counsel has considerable experience as lead counsel in class action wage and hour litigation. Thus, for settlement purposes, Plaintiff has established that Plaintiff and Class Counsel will fairly and adequately protect the interests of the putative class to satisfy Federal Rule of Civil Procedure 23(a)(4).

### C. The Settlement Class Meets the Requirements of Rule 23(b)(3) For Settlement Purposes.

Plaintiff asserts that certification is proper under Rule 23(b)(3) for settlement purposes. Rule 23(b)(3) permits class certification when (1) common questions of law and fact predominate over any individual claims and (2) a class action is the superior method to fairly and efficiently adjudicate the matter. Under the Rule 23(b)(3) predominance analysis, the Court must determine whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

#### 1. Predominance

The predominance requirement is satisfied if a plaintiff establishes that a common nucleus of facts and potential legal remedies dominates the litigation. *Id.* As explained above, Plaintiff asserts that the common nucleus of facts in the present case derives from the alleged practices that excluded certain incurred expenses from the Plaintiff's reimbursement pay, as required by the FLSA. Plaintiff alleges that the Settlement Class Members would be entitled to the same legal remedies. Accordingly, preliminary class certification for settlement purposes to effectuate the

Settlement Agreement is proper. Additionally, Plaintiff contends that class certification in this case serves the judicial economy function of Rule 23 class actions.

### 2. Superiority

Plaintiff alleges that a proposed class action settlement is the superior method of resolving the dispute in comparison to available alternatives. A class action is the superior method for managing litigation if no realistic alternative exists. *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 851 (6th Cir. 2013). Plaintiff asserts that the alternative method of resolution could be hundreds of individual claims, but individual cases would be uneconomical for potential plaintiffs because the cost of litigation dwarfs their potential recovery, and for Defendants and the Court because it would cause an extensive duplication of efforts and resources. Because it is likely that each individual Settlement Class Member could only pursue relatively small claims, such individuals have no particular interest in individually controlling the prosecution of separate actions. Additionally, in the instant action, all Settlement Class Members have the option to opt-out of the proposed settlement, thus allowing individuals the opportunity to control the resolution of their individual claim.

Plaintiff believes that concentrating the litigation of the claims in this and one particular forum would be the most efficient manner or adjudicating all of the claims of the Settlement Class. For purposes of preliminary approval of the Settlement Agreement, there is no reason why concentrating the litigation in this Court would be undesirable. Lastly, under Rule 23(b)(3)(D), the Court may consider likely difficulties in managing a class action. In the context of a settlement, however, considerations regarding management of the class action are irrelevant, because the proposal to the court is to avoid trial through a settlement agreement. *See Amchemr*, 521 U.S. at

620 (1997). In light of these considerations, preliminary certification of the Settlement Class for settlement purposes is proper under the requirements of Rule 23(b)(3).

### D. Conditional Certification of the FLSA Collective Action.

"The FLSA standard for evaluating whether individuals are similarly situated is different than the standard in Federal Rule of Civil Procedure 23 in that it is less demanding." *Bentz v. UC Synergetic, LLC*, 2:16-CV-2700-SHL-EGB, 2018 WL 4677786, at *3 (W.D. Tenn. Sept. 28, 2018) (citing to *Monroe v. FTS USA*, LLC, 860 F.3d 389, 397 (6th Cir. 2017)) (internal citations omitted). Here, conditional certification of the FLSA class is warranted for many of the same reasons detailed above regarding certification under Rule 23's more stringent standards.

Plaintiff alleges that all class members performed the same primary job duty of delivering pizzas and other food to Defendants' customers using their personal vehicles, they were compensated by similar hourly pay rates, drove similar delivery distances, Defendants reimbursed them with the same or comparable rate per mile and/or delivery, and their claims are based on the same legal theory. Plaintiff asserts that employees may recover vehicle costs when the employer's estimation of such costs is unreasonable, and the shortfall results in minimum wage deficits. Alternatively, Plaintiff asserts that Defendants must either track and reimburse actual vehicle costs or reimburse at the IRS rate. Either way, Plaintiff is similarly-situated and the same legal standard will apply class-wide.

This is sufficient to warrant certification of Plaintiff's FLSA claim for settlement purposes. *See e.g.*, 29 U.S.C. § 216(b) (FLSA certification warranted where plaintiff demonstrates he and putative class members are "similarly situated"); *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 585 (6th Cir. 2009) (Plaintiffs who suffer from a single, FLSA-violating policy or whose claims are "unified by common theories of defendants' statutory violations" are similarly situated); in *Doyle v. Be Hurd, Inc. et al*, Case 3:20-cv-138 (E.D. TN.) (approving hybrid FLSA and Rule 23

certification of similar claims for settlement purposes); *Otis v. TAH Pizza, Inc. et al.,* Case 2: 18-cv-00111 (E.D. TN.) (approving of FLSA certification of similar claims for settlement purposes); *Ball v. New River Valley Pizza, LLC, et al*, Case 7:19-cv-362 (W.D. Va.) (finally approving similar claims and settlement structure on behalf of Virginia-based Domino's delivery drivers); *Smith v. Southeastern Pizza People, Inc. et al*, Case 7:19-cv-105 (E.D. N.C.) (same on behalf of Carolina-based Domino's delivery drivers). The Parties will move for approval of the FLSA settlement contemporaneously with seeking final approval of the Rule 23 settlement classes.

### E. The Court Should Approve the Proposed Notice And Claim Form.

Pursuant to Rule 23(e), the Court must direct reasonable notice to all class members. *Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008) (citing Fed. R. Civ. P. 23(e)(1)). Courts have broad discretion to approve the specific form and content of notice so long as the notice meets the requirements of constitutional due process. *Id*. These requirements are met if the notice is reasonably calculated to apprise interested parties of the pendency of the proposed settlement and afford them an opportunity to present objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A Rule 23(e) settlement notice must inform class members (1) of the nature of the pending litigation, (2) of the settlement's general terms, (3) that complete information is available from the court files, and (4) that any class member may appear and be heard at the final approval hearing. 4 Newberg on Class Actions § 11:53 (4th ed. 2002).

The proposed Notice satisfies all of these elements. First, it explains the nature of the action. Second, the Notice apprises Settlement Class Members of the pendency of the settlement and informs them of material settlement terms. The Notice explains that Class Members who "do nothing" will remain in the Settlement Class, receive a settlement payment, and be bound by the settlement and all orders and judgments. The Notice describes how to object to the settlement,

informs Class Members that they will receive a share of the Settlement amount and explains factors that will be applied to account for their precise recovery. *Pelzer v. Vassalle*, 655 F. App'x at 368 (6th Cir. 2016) (quoting *Int'l Union*, 497 F.3d at 630) (notice should "fairly apprise the prospective members of the class of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests").

Class Members are also provided full notice of their right to file objections, attend the fairness hearing, or hire their own attorney at their expense. *Id* at 368 (quoting *Int'l Union*, 497 F.3d at 631) (notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Class Members will have a reasonable amount of time, 60 days from the date the notice is mailed, to object to the Settlement or mail an opt-out request. Courts have routinely found this period to be reasonable and have even approved shorter periods. *Hall v. U.S. Cargo & Courier Serv.*, LLC, 299 F. Supp. 3d 888, 900 (S.D. Ohio 2018) (45 days).

The Parties will file a Joint Motion for Final Approval of the Settlement following the end of the objections period. The Parties also request the Court to set a final fairness hearing so that the notice can inform Class Members of the date and location of that hearing. To accommodate the notice period, and in compliance with the Class Action Fairness Act, the Parties request a date at least 100 days after the Court's order preliminarily approving the settlement.

## V. CONCLUSION

The proposed Settlement is fair, adequate, and reasonable. It will result in considerable payments to Class Members; it is non-collusive; and it was achieved as the result of informed, extensive, and arm's length negotiations conducted by counsel for the respective Parties who are experienced in wage and hour class and collective action litigation.

For the foregoing reasons, the Parties respectfully request that the Court grant preliminary approval of the proposed Settlement and issue an Order that:

(a) certifies a Tennessee and Alabama class action pursuant to Federal Rule 23 for purposes of settlement;

(b) conditionally certifies an FLSA collective action for purposes of settlement;

(c) preliminarily finds that the Parties' settlement of the Tennessee and Alabama class claims appears to be fair, reasonable, and adequate as to members of the class, subject to any objections that may be raised at the final fairness hearing and final approval of class settlement by this Court;

(d) grants preliminary approval of the Tennessee and Alabama class action settlement;

(e) approves as to form and content the Parties' proposed Class Notice and Claim Form as reasonable notice practicable under the circumstances and in full compliance with applicable law;

(f) orders that each Class Member be given a full opportunity to file a claim, object to, or opt-out of the settlement Agreement, and to participate at the final approval hearing; and

(g) schedules a final fairness hearing at least 100 days following the Court's Order.

RESPECTFULLY SUBMITTED,

*/s/J. Forester*
**J. Forester**
Texas Bar No. 24087432
**D. Matthew Haynie**
Texas Bar No. 24087692
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Phone: (214) 210-2100
Fax: (214) 346-5909
jay@foresterhaynie.com

matthew@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Courtney Leyes*
Courtney Leyes (TN Bar No. 034012)
**FISHER & PHILLIPS LLP**
3310 West End Ave., Suite 500
Nashville, TN 37203
Telephone: (615) 601-3791
cleyes@fisherphillips.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A copy of the foregoing document was electronically served on all counsel of record.

*/s/J. Forester*
**J. Forester**